(87 App. Div. 314.)

### GREEN v. TUCHNER et al.

(Supreme Court, Appellate Division, First Department. November 6, 1903.)

1. PARTNERSHIP—FRAUD OF PARTNER—ACCOUNTING—PLEADING—SUFFICIENCY.
   Where a complaint by a partner against his copartner and a third person charges that defendants, pursuant to a conspiracy, agreed for such third person to prefer a fraudulent claim against the firm; that, using the process of court, they obtained a judgment against the firm without plaintiff's knowledge, and by a sale of the firm assets deprived plaintiff of his interest in the property, and were in possession thereof—it states a cause of action for an accounting.

Appeal from Special Term, New York County.

Action by Samuel Green against Nathan Tuchner and another. From an interlocutory judgment sustaining a demurrer on the ground that the complaint did not state facts sufficient to constitute cause of action, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

David W. Rockmore (Joseph Fischer, of counsel), for appellant.

J. Leon Brandmarker, for respondent Weitzman.

LAUGHLIN, J. The action is brought for the dissolution of a copartnership between the plaintiff and the defendant Tuchner, and for an accounting, and to have a judgment obtained by the defendant Weitzman in the City Court against the firm declared null and void, and to require him to account for the firm property purchased by him on an execution sale under said judgment. It is alleged in the complaint, among other things, that on the 8th day of August, 1902, the plaintiff and the defendant Tuchner were engaged in the manufacture of brass fixtures at Nos. 314 and 318 East Houston street, in the city of New York, pursuant to articles of copartnership, which business was then worth $1,400; that the firm only owed two debts, aggregating $43.10; that the copartners had several disagreements, and they agreed to dissolve the copartnership at the end of said month of August, and that each should receive an equal share of the assets; that the defendants, for the purpose of fraudulently depriving the plaintiff of his share and interest in the business, concocted a scheme to defraud the plaintiff and deprive him thereof, by which the respondent instituted a fraudulent action in the City Court to

¶ 1. See Partnership, vol. 38, Cent. Dig. § 731.

recover an alleged debt from the firm for moneys alleged to have been loaned; that in pursuance of the scheme entered into between the defendants to defraud the plaintiff a summons and complaint were issued out of the City Court in favor of the respondent and against both members of the firm, and served upon the defendant Tuchner without the knowledge of the plaintiff, and, as part and parcel of said scheme to defraud the plaintiff, a judgment was entered in said action on said 8th day of August for the sum of $648, and on the same day the sheriff levied upon the copartnership property and took possession thereof; that the judgment was obtained in fraud of plaintiff's rights, and with the fraudulent intent on the part of the defendants to deprive the plaintiff of his share and interest in the firm property; that the firm never had any business transactions with the respondent, nor did the firm or the defendant Tuchner ever borrow any money of him; that thereafter, and on or about the 21st day of August, 1902, the sheriff, by virtue of said execution, sold the firm property, and the respondent, as part and parcel of said fraudulent scheme concocted by the defendants to deprive the plaintiff of his property, purchased the stock for the sum of $474, which he paid to the sheriff, who now has possession of the money; that the defendants since said purchase have been and now are in possession of the stock and business of the firm, and have refused the plaintiff access thereto, and have denied that he has any right in the premises; that the respondent was never in this line of business, and he purchased the business with moneys furnished by the defendant Tuchner and as part and parcel of said fraudulent scheme; that the plaintiff has demanded that said defendants account for said business since said 8th day of August, but they have refused so to do.

The allegations of the complaint are quite general, and the pleader has freely indulged in stating conclusions where it would have been better to have stated the facts; but, on the whole, we are of the opinion that the complaint fairly charges the respondent with having agreed in advance with the copartner Tuchner to prefer this fraudulent claim against the firm, and, following the forms of law and using the process of the court, to obtain a judgment against the members of the firm, without the knowledge of the plaintiff and in fraud of his rights, and, by a sale of the firm assets upon the execution pursuant to the judgment, deprive the plaintiff of his right, share, and interest in the firm property, and that the various steps in the action resulting in the sale of the firm property were taken pursuant to and in consummation of this fraudulent conspiracy. This being a suit in equity for a dissolution of the copartnership and an accounting, and the respondent being thus without right in possession of the firm assets, claiming the same by virtue of an execution on a fraudulent and collusive judgment, we are of opinion that the complaint states a good cause of action against him for an accounting, and that the demurrer should have been overruled.

It follows that the interlocutory judgment should be reversed, with costs, and the demurrer overruled, with costs, but with leave to the respondent to answer upon payment of the costs of the demurrer and of this appeal. All concur.